UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: SHAWN B. SWINGLER             )
                                      ) Chapter 13
                                      )
         Debtor(s).                   ) Bk. Case No: 19-11593-BLS

### NOTICE OF CONFIRMATION HEARING ON DEBTOR'S CHAPTER 13 PLAN

**TO:** Michael B. Joseph, Esquire
Chapter 13 Trustee
P.O. Box 1350
Wilmington, Delaware  19899-1350

Debtor, SHAWN B. SWINGLER, ("Debtor") has filed a CHAPTER 13 PLAN on July 19, 2019, (DK No.  ). A Confirmation Hearing is scheduled for September 23, 2019 at 3 PM at 824 North Market Street, 3rd Floor Room 309 Wilmington, Delaware  19801.

You are required to file a response (and supporting documentation required by Local Rule 4001-1-(d) to the attached motion at least five (5) business days before the above hearing date. At the same time, you must also serve a copy of the response upon movant's attorney:

Timothy J. Weiler, Esquire
716 North Tatnall Street
Wilmington, Delaware  19801-1716

The hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court. The attorneys for the parties shall confer with respect to the issues raised by the motion in advance for the purpose of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts such as the value of the property, and the extent and validity of any security instrument.

BY: /S/ Timothy J. Weiler
Timothy J. Weiler, Esquire
Attorney for Debtor
DE Bar No. 002363
716 North Tatnall Street
Wilmington, Delaware 19801-1716
302-658-6900 (vox)
302-510-6125 (fax)
timweiler@timweilerlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:  SHAWN B. SWINGLER                )
                                         ) Chapter 13
                                         )
         Debtor(s).                      ) Bk. Case No: 19-11593-BLS

## CERTIFICATE OF SERVICE

The Undersigned does hereby certify that he mailed or caused to be mailed a copy of the foregoing **NOTICE OF HEARING ON DEBTOR'S CHAPTER 13 PLAN AND ANALYSIS** via U.S. Mail, first class, postage prepaid or via electronic means on the date noted below, to each of the following entities:

Michael B. Joseph, Esquire
Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, Delaware  19801

All Creditors on Matrix

/s/___TIMOTHY J. WEILER___
Timothy J. Weiler, Esquire
DE Bar No. 002363
716 North Tatnall Street
Wilmington, Delaware  19801-1716
302-658-6900
302-510-6125 (FAX)
Attorney for Debtor(s)

Date: July 19, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE: SHAWN B. SWINGLER ) 
) Chapter 13
)
Debtor(s). ) Bk. Case No: 19-11593-BLS

### CHAPTER 13 PLAN

I. **Notice**

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1 AND YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. IF YOU OPPOSE THE PLAN'S TREATMENT OF YOUR CLAIM OR ANY PLAN PROVISION YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST 7 DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING. THE BANKRUPTCY COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION IS FILED. SEE BANKRUPTCY RULE 3015. YOU SHOULD NOTE THE FOLLOWING (boxes must be checked by debtor(s) if applicable):

[X] The plan seeks to limit the amount of a secured claim, as set out in III.2, which may result in partial payment or no payment at all to the secured creditor
[ ] The plan will seek avoidance of a lien or security interest
[ ] The plan contains nonstandard provisions in paragraph VI

II. **Plan Payments and Length of Plan:** The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer or the Debtor shall pay to the Trustee the sum of $1,453.00 (monthly) for Sixty (60) months.

III. **Plan Distribution:** From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. **Priority Claims:**
   Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.
   [X] (A) Debtor's Counsel Fees $4,000.00
   Debtor's Counsel's fees shall be paid first.
   [ ] (B) Taxes
   [X] (C) **Domestic Support Obligations:** Debtor will continue to pay $693.00 (including any future adjustments) directly to **Washington State Support Registry** with existing wage garnishment.
   [ ] (D) Other Priority or Administrative Expenses_____

2. **Secured Claims**–(boxes must be checked)
   [ ] Pro-rata with or
   [ ] subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

   [ ] (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, the first mortgage on the real property located at
   [ ] Debtor shall continue to make regular post-payments directly to. (Loan No. the first mortgage on the real property located at
   This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

   [ ] (B) Secured Vehicle debt (cramdown) -

   [ X ] (C) Secured Vehicle debt (910 car claim) - Pro-rata payments to: USAA FSB (Loan No. xxx4028) in the amount of $5,050.00 with interest at 6.5% ($879.00) for payment in full of the value of property or in equal monthly payments of $99.00 per month for the 2013 Nissan Altima . Total payments will be $5,929.00

   [ ] (D) Other secured debt: None.

3. **Surrender of Collateral and Co-Debtor Relief:**
   [ ] (A) Debtor surrenders secured collateral to: NONE  Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. Section 362 is terminated as to the property and any interest in the property effective immediately on confirmation of this Plan. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

   [ ] (B) Co-Debtor relief under 11 USC Section 1301 is granted effective immediately upon confirmation of the Plan as to surrendered property.

4. **Unsecured Claims:**
   Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

   General unsecured creditors will be paid [ X ] a dividend of 100% of their allowed claim or [ ] a pro rata dividend of
   [ ] 1. _____ BIOC or
   [ ] 2. _____Disp. Income x 60 months as calculated under Section 1325(b), or
   [ ] 3. a pro-rata dividend from the base plan, if any.

IV. **Leases or Executory Contracts:** (If applicable) The following leases or executory contracts of the debtor will be treated as follows: Debtor will assume current residential lease.

V. **Vesting of Property:** Title to Debtor's property shall re-vest in the Debtor on confirmation of the Plan, except for undistributed plan payments held by the Trustee. Unless otherwise ordered, upon conversion of this case to Chapter 7 all undistributed plan payments received from a debtor's post-petition wages shall be refunded to the debtor(s). Upon dismissal, unless otherwise ordered, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

VI. **Nonstandard Provisions:** Any other nonstandard provision placed elsewhere in this plan is void.

VII. **Filing Proof of Claim Required:** A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the website www.deb.uscourts.gov and click on "File a Claim" and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go to the website www.uscourts.gov and click on "Services and Forms, then click on Bankruptcy Forms, the Select B410-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

/s/ SHAWN B. SWINGLER                                    Date: July 12, 2019
SHAWN B. SWINGLER
Debtor's Signature


The undersigned certifies that this plan contains no nonstandard provision **other than as set forth in paragraph VI above.**


/s/ Timothy Joseph Weiler                                    July 12, 2019
Timothy Joseph Weiler
Attorney for Debtor(s)

CHAPTER 13 PLAN ANALYSIS

**IN RE: SHAWN B. SWINGLER**         CASE NO. 19-11593-BLS

Prior: Bankruptcy ( N )         Chapter 13  ( N)  Date:N/A
Estimated Length of Plan: ___60____ months     Trustee Use:
341 Meeting Date: ___ Continued: _____
Confirmed Date: _____

TOTAL DEBT PROVIDED FOR UNDER
THE PLAN AND ADMINISTRATIVE EXPENSES

Total Priority Claims (Class One)
Unpaid attorney's fees                         $3,800.00 (Balance of No Look Fee)
Supplement Attorney fee                        $
Taxes
Total of Payments to Cure Defaults (Class Two)  $
Total of Payments on Secured Claims (Class Three)  $5,929.00 (Car)
Total of Payments on Unsecured Claims (Class Four) $69,532.00 (est.)
Disposable Income $
Sub-total                                      $79,261.00
Total Trustee's Compensation (10.0% of debtor's payments) $7,926.00
Total Debt and Administrative Expense          $87,187.00

RECONCILATION WITH CHAPTER 7

Interest of Class Four Creditors If Chapter 7 Filed
Value of Debtor's Interest in Non-exempt Property $0.00_____
Plus: Value of Property Recoverable Under Avoiding
        Powers                                 $_____
Less: Estimated Chapter 7 Administrative Expense  $_____
Less: Amounts Payable to Priority Creditors other
        Than cost of administration            $_____
    5. Equals: Estimated Amount Payable to Class Four
       Creditors if Chapter 7 Filed (if negative, enter zero) $0.00
       Estimated dividend under Plan           $


/s/ SHAWN B. SWINGLER_____                     July 12, 2019_____
SHAWN B. SWINGLER
Debtor's Signature


 /s/ Timothy Joseph Weiler_____          July 12, 2019_
 Timothy Joseph Weiler
 Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

IN RE:  SHAWN B. SWINGLER                           )
                                                    ) Chapter 13
                                                    )
         Debtor(s).                                 ) Bk. Case No: -BLS

## CERTIFICATE OF SERVICE

The Undersigned does hereby certify that he mailed or caused to be mailed a copy of the foregoing   CHAPTER 13 PLAN AND ANALYSIS via U.S. Mail, first class, postage prepaid or via electronic means on the date noted below, to each of the following entities:

Michael B. Joseph, Esquire
Chapter 13 Trustee
824 Market Street
P.O. Box 1351
Wilmington, Delaware  19801

All Creditors on Matrix

 /S/ TIMOTHY J. WEILER                              July 19, 2019
Timothy J. Weiler (DE002363)                        Date
716 North Tatnall Street
Wilmington, Delaware  19801-1716
302-658-6900
302-510-6125 (FAX)
timweiler@timweilerlaw.com
Attorney for Debtor(s)